IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAYNOR MIGUEL ORO ORELLANA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>MARK A. KIRBY,<br><br>　　　　Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-0754 (JBS)<br><br>**OPINION** |

APPEARANCES:

Maynor Miguel Oro Orellana, Petitioner Pro Se
# 43655-379
ACCC
P.O. Box 1600
Washington, MS 39190

**SIMANDLE, Chief Judge:**

　　This matter comes before the Court on Maynor Miguel Oro Orellana's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Docket Entry 1.

　　1.　Petitioner is a convicted and sentenced federal prisoner previously incarcerated at FCI Fairton, New Jersey. Petitioner was sentenced in the Southern District of Texas after pleading guilty to illegal reentry. Petition at 12; *United States v. Orellana*, No. 13-cr-0289-1 (S.D. Tx. Sept. 16, 2013).

　　2.　He raises two grounds for relief in his § 2241 petition, alleging that the Federal Bureau of Prisons improperly denied him jail credits for time spent in federal custody, and

that his trial attorney failed to provide the proper documentation to the State of Texas "and as a consequence the State of Texas did not dismiss my [state] case . . . and my [state] case was not run concurrent" with his federal sentence. Petition ¶ 13.

3. Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). This Court has jurisdiction to review the BOP's calculation of Petitioner's sentence.

4. However, the Court lacks jurisdiction under § 2241 over any challenge Petitioner has regarding the performance of his trial attorney. Challenges to the effectiveness of trial counsel should be brought in a motion under 28 U.S.C. § 2255 in the sentencing district. The Court will therefore dismiss Ground Two to the extent Petitioner challenges his attorney's performance.

5. Petitioner appealed his sentence to the Court of Appeals for the Fifth Circuit, and that court affirmed the district court on June 13, 2014. *United States v. Orellana*, 572 F. App'x 267 (5th Cir. 2014). The Court therefore declines to sever the ineffective assistance claim and transfer it to the Southern District of Texas as it appears more than one year has

elapsed since his judgment of conviction became final. *See* 28 U.S.C. § 2255(f).

6. The Court shall order an answer as to Ground One of the petition and to Ground Two to the extent it alleges his sentences should be served currently.

7. An appropriate order follows.

|  |  |
|---|---|
| **August 1, 2016** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
|  | Chief U.S. District Judge |