IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAYNOR MIGUEL ORO ORELLANA,<br><br>Petitioner,<br><br>v.<br><br>MARK A. KIRBY,<br><br>Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-0754 (JBS)<br><br>**OPINION** |

APPEARANCES:

Maynor Miguel Oro Orellana, Petitioner Pro Se
# 43655-379
ACCC
P.O. Box 1600
Washington, MS 39190

Caroline A. Sadlowski, AUSA
United States Attorneys Office
970 Broad Street
Suite 700
Newark, NJ 07102

David Vincent Bober, AUSA
Office of the U.S. Attorney
District of New Jersey
402 East State Street
Room 430
Trenton, NJ 08608
Attorneys for Respondent Mark Kirby

**SIMANDLE, District Judge:**

**I. INTRODUCTION**

This matter comes before the Court on Maynor Miguel Oro Orellana's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Docket Entry 1. Respondent Mark Kirby argues the

petition should be denied. Answer, Docket Entry 6. For the reasons stated below, the petition is denied with prejudice.

## II. BACKGROUND

On April 23, 2013, Petitioner was arrested in Texas for possession of marijuana and for engaging in an organized criminal activity. Declaration of Jeff R. Johnson ("Johnson Dec."), Exhibit A ¶ 5.[1] Immigration Enforcement ("ICE") lodged a detainer against Petitioner the next day. *Id.* ¶ 5(d). Petitioner was sentenced to six days imprisonment on the marijuana possession charge on April 25, 2013. *Id.* ¶ 5(e). The state court gave Petitioner three days of credit against his sentence, and Petitioner's sentence on the marijuana charges ended on April 28. Exhibit D. Petitioner was held on ICE's detainer between April 29 and May 14, 2013. September 15, 2016 Letter, Docket Entry 7. The organized criminal activity charges remained pending in the state courts.

On May 15, 2013, a grand jury from the United States District Court for the Southern District of Texas ("Southern District") charged Petitioner with illegal reentry by a previously deported alien after an aggravated felony conviction, 8 U.S.C. § 1326(a), (b)(2). Exhibit E. "According to the United States Probation Office in Houston, Texas, on April 15, 2009,

---

[1] "Exhibit" refers to the exhibits included with Respondent's answer.

[Petitioner] was convicted of aggravated assault with serious bodily injury . . . and sentenced to four years imprisonment. On April 4, 2012, [Petitioner] was deported, but he illegally reentered the United States on March 7, 2013." Johnson Dec. ¶ 5(b). The Southern District issued a writ of habeas corpus ad prosequendum on May 21, 2013. Exhibit F. Petitioner first appeared before the district court on May 24, 2013 and pled guilty on June 17, 2013. *Id.*; Exhibit H. He was sentenced to a 50-month term of incarceration on September 16, 2013. Exhibit H. *United States v. Orellana*, No. 13-cr-0289-1 (S.D. Tx. Sept. 16, 2013). The district judge indicated "the sentence imposed takes into consideration and gives the defendant credit for the time he spent in ICE custody before he was transferred to federal custody." Exhibit I at 10:20-23. Petitioner was then returned to the state in order to face his remaining state charges. Johnson Dec. ¶ 6(f).

On January 6, 2014, Petitioner was sentenced to 8-months incarceration on the pending organized crime charges. Exhibit J. The state applied credit to Petitioner's sentence dating back to May 15, 2013, and Petitioner concluded his state sentence on January 9, 2014. Exhibit K at 2. He was held by the state until the U.S. Marshals took him into custody on January 16, 2014 to begin serving his federal sentence. Exhibit L; Exhibit G at 3. The Federal Bureau of Prisons ("BOP") calculated Petitioner's

federal sentence as beginning on January 16, 2014 and gave him prior custody credit for January 10 to 15, 2014. Exhibit M at 2-3. It projected Petitioner's release date as August 26, 2017. *Id.* at 3.

After seeking relief via administrative remedy,[2] Petitioner filed this § 2241 petition arguing the BOP improperly denied him jail credits for time spent in federal custody, and that his trial attorney failed to provide the proper documentation to the State of Texas "and as a consequence the State of Texas did not dismiss my [state] case . . . and my [state] case was not run concurrent" with his federal sentence. Petition ¶ 13. The Court reviewed the petition under the Rule 4 of the Rules Governing Habeas Proceedings and dismissed the ineffective assistance of counsel claim as it lacked jurisdiction over that claim in a § 2241 petition. It directed Respondent to answer the claim that the BOP miscalculated Petitioner's jail credits. Opinion and Order, Docket Entries 5 & 6.

Respondent filed its answer on September 15, 2016, but requested a brief extension to look into whether Petitioner was entitled to credit for the time spent in ICE's custody from April 29 to May 14, 2013. Answer; September 15, 2016 Letter. The Court granted the extension of time, and Respondent informed the

---

[2] Respondent concedes Petitioner fully and properly exhausted his administrative remedies.

Court on November 10, 2016 that it had determined Petitioner was entitled to credit for that time. Supplemental Answer, Docket Entry 12. It stated the BOP had recalculated Petitioner's sentence to end on August 8, 2017. *Id.* Petitioner did not file any traverse.

**III. ANALYSIS**

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). This Court has jurisdiction under § 2241 to consider a claim that the BOP has miscalculated a sentence. *See Blood v. Bledsoe*, 648 F.3d 203, 206 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1068 (2012); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 242 (3d Cir. 2005).

Petitioner argues he is entitled to credit on his federal sentence for time spent in custody between April 23, 2013 and January 15, 2014. He states the BOP only credited him the time between January 10 and 15 instead of the full amount. Petition ¶ 13. "In calculating a federal sentence, the BOP first determines when the sentence commenced and then determines whether the prisoner is entitled to any credits toward his sentence." *Blood*, 648 F.3d at 207 (citing 18 U.S.C. § 3585).

**A. Commencement of Sentence**

"A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The BOP determined the start date of Petitioner's federal sentence was January 16, 2014 because that was the day the Marshals took him into custody after the conclusion of his state sentence for organized criminal activity. *See* Exhibit G.

Here, Petitioner was, for the most part,[3] in the primary custody of the State of Texas up until the Marshals retrieved him on January 16. "Where a defendant faces prosecution by both state and federal authorities, the 'primary custody' doctrine determines where and how the defendant will serve any resulting sentence of incarceration. The basic principle is that the first sovereign to arrest the defendant is entitled to have the defendant serve that sovereign's sentence before one imposed by another sovereign." *Taccetta v. Fed. Bureau of Prisons*, 606 F. App'x 661, 663 (3d Cir. 2015) (citing *Bowman v. Wilson*, 672 F.2d 1145, 1153 (3d Cir. 1982)). "'Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: (1) release

---

[3] This excludes the period of time between April 29 and May 14, 2013 during which Petitioner was in ICE's primary custody.

on bail; (2) dismissal of charges; (3) parole; or (4) expiration of sentence.'" *Davis v. Sniezek*, 403 F. App'x 738, 740 (3d Cir. 2010) (quoting *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005)). None of those circumstances exist in the present case. Although Petitioner finished serving his state sentence of the marijuana charges, his organized criminal activity charges remained pending at the time the district court issued the writ ad prosequendum. "[T]emporary transfer of a prisoner pursuant to a writ ad prosequendum does not constitute a relinquishment." *Taccetta*, 606 F. App'x at 663 (citing *Rios v. Wiley*, 201 F.3d 257, 264-75 (3d Cir. 2000)). *See also George v. Longley*, 463 F. App'x 136, 140 (3d Cir. 2012); *McKnight v. United States*, 27 F. Supp. 3d 575, 583 (D.N.J. 2014).

Petitioner was arrested first by Texas state authorities, and the writ issued by the Southern District did not wrest primary custody away from Texas. He was in primary state custody up until his release to the Marshals Service on January 16, 2014 after he finished serving his sentence for organized criminal activity. Therefore, the BOP correctly determined the start date of Petitioner's federal sentence.

**B. Prior Custody Credit**

Section 3585 states in relevant part:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in

7

> official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). Petitioner received credit towards his state sentences for the time between April 23 and 28, 2013 (marijuana), and May 15, 2013 to January 9, 2014 (organized criminal activity). Exhibits D, K, & L. Petitioner is not permitted to receive "double credit" for this time under the statute.

As noted by Respondent, "[t]he only time not accounted for by his state sentences is the period between April 29, 2013 (the day after he completed his sentence on the marijuana charges) until May 14, 2013 (the day before he started receiving credit for the organized-criminal-activity charge)." Answer at 10-11. The BOP has since corrected this error, awarded Petitioner credit for that period of time, and adjusted his release date accordingly. November 10, 2016 Letter. Therefore, Petitioner has received all the credit he was entitled to under § 3585(b).

**C. Nunc Pro Tunc Designation**

During Petitioner's exhaustion of his administrative remedies, the BOP interpreted his request for credit between

April 23, 2013 and January 9, 2014 as a request for nunc pro tunc designation of the state facilities as the place of confinement for his federal sentence. The BOP denied this request after considering it under 18 U.S.C. § 3621(b) and *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990). *See* Exhibit P. This Court reviews to determine "whether the BOP, in weighing the factors, acted arbitrarily, capriciously, or contrary to the law . . . ." *Galloway v. Warden of F.C.I. Ft. Dix*, 385 F. App'x 59, 64 (3d Cir. 2010).

The BOP denied Petitioner's request as the state offenses were not related to his federal conviction, he had an extensive criminal history, and the Southern District did not recommend nunc pro tunc designation. Exhibit P. Based on the record before the Court, the BOP's decision was not arbitrary, capricious, or contrary to the law. In denying Petitioner's administrative appeal, the administrator for the National Inmate Appeals carefully reviewed the *Barden* factors and concluded nunc pro tunc designation was "not consistent with the goals of the criminal justice system due to the nature of [Petitioner's] current federal conviction, state conviction and repetitive criminal conduct." Administrative Remedy Response, Petition at 17; *see also* Exhibit R. Nothing in the administrative record as a whole indicates the BOP abused its discretion.

To the extent Petitioner argues the district court specifically awarded him this credit, Petition ¶ 13(a), the record does not support this assertion. At sentencing, the district judge only specified that Petitioner should receive credit for time spent in ICE's custody. Exhibit I at 10:20-23. The BOP has already recalculated his sentence to include the time between April 29 and May 14, 2013. The district court was otherwise silent on whether the sentences should be concurrent or consecutive. *See generally* Exhibit I. Therefore, the presumption is that the district court intended for Petitioner to serve consecutive sentences. 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").

This may be due to the fact the judge appeared to be under the impression that the state charges would be dismissed. *See* Exhibit I 3:19 to 4:25. However, the district court did not respond to the BOP's September 15, 2014 inquiry as to whether it recommended nunc pro tunc designation. Exhibit O; Johnson Dec. ¶¶ 11, 17-18. "BOP's choice here to exercise its discretion, in part by relying upon the federal district judge's silence on the issue of concurrency, was not arbitrary and capricious." *Galloway*, 385 F. App'x at 63. The BOP therefore appropriately

exercised its discretion when it denied nunc pro tunc designation.

## IV. CONCLUSION

For the reasons stated above, the BOP correctly calculated Petitioner's federal sentence, and did not arbitrarily or capriciously deny his nunc pro tunc request. The § 2241 petition is therefore denied.

An appropriate order follows.

Date

JEROME B. SIMANDLE
U.S. District Judge